UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM L. SHELLEY,

                                      **MEMORANDUM & ORDER**

          Plaintiff,

                                      09-CV-4883 (NGG)

         -against-

FRANK A. GULOTTA, JR., JUDGE, SUPREME
COURT OF NEW YORK, NASSAU COUNTY

         Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On November 10, 2009, William Shelley ("Plaintiff") brought a Complaint against Judge Frank A. Gulotta, Jr. of the New York Supreme Court, Nassau County ("Defendant"). (See Compl. (Docket Entry #1).) According to the Complaint, Judge Gulotta presided over a New York state grand jury that indicted Plaintiff. Invoking 42 U.S.C. §§ 1983 and 1985, Plaintiff seeks, inter alia, the resubmission of his case to another grand jury, an order that a state grand jury be permitted to hear from a witness on his behalf, and a stay of the existing indictment against him.

On January 22, 2010, Plaintiff filed an Order to Show Cause ("Emergency Order to Show Cause for a Preliminary Injunction & Or Temporary Restrain Order/Stay" (Docket Entry # 3)) seeking a preliminary injunction to enjoin his state prosecution under 42 U.S.C. § 1983. Plaintiff does not seek monetary damages. Although there is no indication of service, Plaintiff states that he notified the Defendant in advance of the filing.

The Order to Show Cause reiterates and expands on many of the factual allegations Plaintiff makes in his Complaint. In particular, Plaintiff details several incidents in which he alleges that Defendant harassed him or was unreceptive to his concerns about ongoing judicial

proceedings. Plaintiff also alleges that Defendant violated Plaintiff's state and federal grand jury rights.

Before examining the merits of Plaintiff's claims, the court must satisfy itself that it has jurisdiction over the matter. Pursuant to the doctrine of "Younger abstention," federal courts "should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." See Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (discussing Younger v. Harris, 401 U.S. 37, 43-45 (1971)). In Younger, the Supreme Court concluded that a federal injunction against an ongoing state prosecution was inappropriate where the federal plaintiff sought to assert federal constitutional claims. Younger, 401 U.S. at 41-44. Younger abstention rests on federalism and the principle that "in the ordinary course, 'a state proceeding provides an adequate forum for the vindication of federal constitutional rights.'" Diamond "D" Constr., 282 F.3d 191, 198 (2d Cir. 2002) (quoting Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994)). A district court may address Younger abstention sua sponte. See Catlin v. Ambach, 820 F.2d 588, 591 (2d Cir. 1987) (citing Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976)).

"[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." Diamond "D" Constr., 282 F.3d at 197 (2d Cir. 2002) (citing Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)); see also Spargo, 351 F.3d at 75 (2d Cir. 2003) ("Younger generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction.") (internal citations omitted). The applicability of Younger abstention, therefore, is a threshold question that determines whether Plaintiff may seek relief before this court.

Younger abstention is required when three conditions are met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." See Diamond "D" Constr., 282 F.3d at 198. All three requirements are satisfied in this case. First, there is an ongoing state criminal prosecution against Plaintiff. (See Order to Show Cause 3.) Second, that state proceeding implicates New York State's important interest in enforcing its own criminal laws. See Younger, 401 U.S. at 41-44. Third, and finally, Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court. See Spargo, 351 F.3d at 77 (citing Middlesex County Ethics Comm., 457 U.S. at 437 (1982)).

Despite the "strong policy in favor of abstention," there are limited exceptions to Younger's applicability, even where the three requirements are satisfied. See Diamond "D" Constr., 282 F.3d at 198. A federal court may intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 54. A plaintiff who seeks to foreclose the applicability of Younger bears the burden of establishing that one of these narrow exceptions applies. Diamond "D" Constr., 282 F.3d at 198. Having thoroughly reviewed Plaintiff's Order to Show Cause and Complaint, the court concludes that Plaintiff has not satisfied this burden. Accordingly, Younger bars this court from considering Plaintiff's claims and, therefore Plaintiff's application for injunctive relief must be DENIED. Plaintiff's Complaint is DISMISSED without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge